ANASTASIA A. McNICHOL

v.

WALTER R. TOWNSEND.

[Heard and decided June 9th, 1908.]

An owner of lots abutting on a street conveyed a lot, subject to a covenant prohibiting the erection of a building within a specified distance of the street line. The lot vested in defendant under mesne conveyances. The owner subsequently sold to complainant a lot across the street, and about one hundred and fifty feet from defendant's lot, making the conveyance subject to a similar covenant. Before conveying defendant's lot, the owner had made other conveyances of nearly all the lots on either side of the street, about one-half in number containing no restrictive covenant.—*Held*, that complainant could not enforce the covenant against defendant, in the absence of a general scheme for the perpetuation of a defined building line, by the exaction of uniform covenants for the benefit of the several purchasers of lots, there being no sufficient evidence that the covenant in question was for the benefit of the lots remaining when the conveyance was made.

Heard on final hearing, on bill, answer, replication and proofs.

*Messrs. Bourgeois & Sooy,* for the complainant.

*Messrs. Thompson & Cole,* for the defendant.

LEAMING, V. C.

I am unable to advise a decree for complainant. The testimony presented at final hearing discloses no facts which can

operate to modify the views expressed by me on the motion for a preliminary injunction, as reported in *73 N. J. Eq.* (*3 Buch.*) *276*. The evidence at final hearing discloses that prior to October 19th, 1888, when Brown conveyed to Graham the lot now owned by defendant, Brown had conveyed all of the lots on either side of States avenue but three, namely, the lot then conveyed, the lot at the northwest corner of States and Pacific avenues, and the lot now owned by complainant. Of the several conveyances so made, about one-half in number contained no restrictive covenant against erecting buildings adjacent to the avenue. The conveyances which contained no such restrictive covenants were the following: Deed dated March 6th, 1880, to Mary Woelpper, and a subsequent deed to the same grantee dated December 7th, 1880, increasing the width of the lot first conveyed from seventy to eighty feet, and a subsequent deed of confirmation to the same grantee, dated December 15th, 1881. Deed dated November 17th, 1881, to William Wilson. Deed dated December 1st, 1881, to George M. Troutman. Deed dated October 21st, 1881, to Anna Martha Kremer. Deed dated October 3d, 1903, to Horace C. Disston. Of two lots conveyed by this deed, one is now owned by F. E. Hammell and another by William Aikman, free from building restrictions. Deed dated May 25th, 1883, to the United States Hotel Company. This deed contained a restriction "that all buildings erected on said land shall be of good style and shall conform as nearly as may be with the cottages now thereon erected." This covenant may relate to the distance buildings are to be erected from the avenue, but that construction is doubtful. These details render it clearer to me than it was at the preliminary hearing that no general scheme can be properly said to have existed for the perpetuation of a defined building line, by the exaction of uniform covenants for the benefit of the several purchasers of lots. In the absence of such a general scheme I am unable to find any evidence which justifies the conclusion that the covenant now in question was for the benefit of the remaining lots owned by Brown when the Graham conveyance was made. Under the opinion in *Hemsley* v. *Marlborough Hotel Co., 62 N. J. Eq.* (*17 Dick.*) *164, 170; 50 Atl. Rep. 14,* adopted by the court of errors and appeals in *63*

*N. J. Eq. (18 Dick.) 804;* such evidence must be regarded in this court as a necessary element to support the claim asserted by complainant.

I will advise a decree dismissing the bill.